## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

APRIL D. ADESHILE,

      Plaintiff,

v.                                                            Case No. 3:22-cv-1263-MMH-LLL

JACKSONVILLE
TRANSPORTATION
AUTHORITY, et al.,

      Defendants.

_____

### O R D E R

    **THIS CAUSE** is before the Court on Defendant Brittany Young's Motion to Dismiss Plaintiff's Fourth Amended Complaint (Doc. 77; Young's Motion), filed January 31, 2024; JTA Defendants' Motion to Dismiss Plaintiff's Fourth Amended Complaint (Doc. 78; JTA's Motion), filed January 31, 2024; Defendant Katty Morales' Motion to Dismiss Plaintiff's Fourth Amended Complaint (Doc. 97; Morales' Motion), filed March 11, 2024; and Defendant Shawneice Jennings's Motion to Dismiss Plaintiff's Fourth Amended Complaint (Doc. 105; Jennings's Motion), filed March 20, 2024. [1] In their respective motions,

---

[1] Defendants Jacksonville Transportation Authority (JTA) and Jacksonville Transportation Management Corporation (JTM) also move to dismiss on behalf of Defendants Michelle Lewis, Sherman Rothwell, Anthony Bradford, and Mario Potts as these individuals are employees of JTA and JTM and have been sued in their employment capacity. See JTA's Motion at 1 n.1.

Defendants request that the Court dismiss Plaintiff April Adeshile's Fourth Amended Complaint (Doc. 74) as an impermissible shotgun pleading, or in the alternative, for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Rule(s)). [2] Adeshile filed responses to Defendants' motions. See Plaintiff's Response to Defendant's Motion to Dismiss Fourth Amended Complaint (Doc. 81; Response to JTA's Motion), filed February 12, 2024; Plaintiff's Memorandum of Law in Opposition to Defendant Brittany J. Young's Motion to Dismiss Plaintiff's Fourth Amended Complaint (Doc. 102; Response to Young's Motion), filed March 13, 2024; Plaintiff's Response and Opposition to Defendant Shawneice Jennings's Motion to Dismiss Plaintiff's Fourth Amended Complaint (Doc. 119; Response to Jennings's Motion), filed April 17, 2024; and Plaintiff's Memorandum of Law in Opposition to Defendant Katty Morales' Motion to Dismiss Plaintiff's Fourth Amended Complaint (Doc. 123; Response to Morales' Motion), filed April 17, 2024. [3] Accordingly, this matter is ripe for review.

---

[2] Jennings also moves to dismiss pursuant to Rule 4(m), arguing that Adeshile failed to properly serve her. See Jennings's Motion at 7.

[3] The Court notes that the Response to Young's Motion does not comport with the requirements of Local Rule 3.01(b), Local Rules of the United States District Court for the Middle District of Florida (Local Rule(s)), as it exceeds twenty-pages. See Local Rule 3.01(b). Nonetheless, in the interest of justice, the Court will consider the Response to Young's Motion in its entirety.

I.    **Background**[4]

A. **Factual Allegations**

The Court begins by noting that many of the allegations in the Fourth Amended Complaint are difficult to follow, lack any clear chronological order, and do not lend themselves to readily determining which Defendants allegedly committed which acts. However, from what the Court can discern, the facts of this case are as follows: Adeshile worked as a bus driver for JTA and JTM, and while employed in this position, the various Defendants in this case engaged in a host of unlawful activity directed toward her. See generally Fourth Amended Complaint. Specifically, Adeshile asserts that Defendants broke into her apartment and installed surveillance devices; placed "riders" on her bus while she was at work to spy on her; staged incidents where unknown individuals would purposefully rear-end her bus and cause her to get into accidents; created false reports regarding her job performance; and offered her lump sums of money in exchange for her resigning from her job. See id. ¶¶ 2, 3, 4, 8, 9. These events culminated in Adeshile's wrongful termination from JTA and JTM on July 12, 2021. Id. ¶ 1.

---

[4] In considering the Motions, the Court must accept all factual allegations in the Fourth Amended Complaint as true, consider the allegations in the light most favorable to Adeshile, and accept all reasonable inferences that can be drawn from such allegations. See Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003); Jackson v. Okaloosa County, 21 F.3d 1531, 1534 (11th Cir. 1994). As such, the facts recited here are drawn from the Fourth Amended Complaint and may well differ from those that ultimately can be proved.

**B. Procedural Background**

Adeshile filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) in September 2021. <u>Id.</u> at 5. The EEOC issued Adeshile a Notice of Right to Sue letter on August 18, 2022. <u>Id.</u> And on November 16, 2022, she initiated this action by filing a Complaint for Employment Discrimination. <u>See</u> Complaint for Employment Discrimination (Doc. 1). On November 18, 2022, Adeshile filed a document titled, "This Is A Whistleblower-Retaliation Employment Discrimination Case The Beginning Statement" (Doc. 4), on which she wrote "Amended." The Clerk of the Court entered the document on the Court's docket as an amended complaint. However, Adeshile later clarified that she intended it to be a "Supplement to Include all Defendants," and asked the Court to modify the description of the document. <u>See</u> Motion to Add Supplement on Document 4 (Doc. 6), filed February 7, 2023. The Magistrate Judge granted her request, but directed Adeshile to file an amended complaint, "which contains all allegations and defendants, as the operative pleading." <u>See</u> Order at 2 (Doc. 8), entered February 8, 2023. Adeshile filed her "Amended–Corrected" complaint on March 1, 2023. <u>See</u> Amended Complaint (Doc. 9; First Amended Complaint). The Court then struck the First Amended Complaint after determining it to be an impermissible shotgun pleading, and directed Adeshile to file a new amended

complaint consistent with the directives in the Court's Order. <u>See</u> Order at 5 (Doc. 10; First Order), entered March 7, 2023.

In accordance with the First Order, Adeshile filed a new amended complaint on April 17, 2023. <u>See</u> Amended Complaint (Doc. 11; Second Amended Complaint). The Court struck the Second Amended Complaint as an impermissible shotgun pleading, and again ordered Adeshile to file a new amended complaint. <u>See</u> Order at 7 (Doc. 14; Second Order), entered April 25, 2023. Consistent with the Second Order, Adeshile filed a new amended complaint. <u>See</u> Amended Complaint (Doc. 18; Third Amended Complaint), filed May 25, 2023. On November 17, 2023, Adeshile filed another amended complaint. <u>See</u> Amended Complaint (Doc. 61). But, the Court struck this pleading as an improper filing, notifying Adeshile that "Rule 15 requires her to obtain the consent of the Defendants or leave of court before filing another amended complaint." <u>See</u> Order at 1 (Doc. 63; Third Order), entered November 20, 2023. Adeshile then filed a motion for leave to file another amended complaint. <u>See</u> Motion to Amend Amended Complaint (Doc. 66), filed December 4, 2023. The Magistrate Judge granted Adeshile's request. <u>See</u> Order at 1 (Doc. 73), entered January 12, 2024. And Adeshile filed a new amended complaint. <u>See</u> Amended Complaint (Doc 74; Fourth Amended Complaint), filed January 17, 2024. The Fourth Amended Complaint is now the operative pleading in this case.

## II.    Discussion

In her Fourth Amended Complaint, Adeshile asserts five claims: (1) violations of Title VII of the Civil Rights Act; (2) Tort Invasion of Privacy in violation of Florida Statute section 934.10; (3) discrimination in violation of the Age Discrimination in Employment Act (ADEA); (4) violations of the Whistle-Blower's Act pursuant to Florida Statute section 112.3187; and (5) violations of Florida's Workers Compensation Act pursuant to Florida Statute section 440.205. See Fourth Amended Complaint at 13–15. Defendants move to dismiss all counts, with prejudice, arguing that the Fourth Amended Complaint is an impermissible shotgun pleading. See JTA's Motion at 5; Young's Motion at 5; Morales' Motion at 4; Jennings's Motion at 10. In the alternative, Defendants contend that the Fourth Amended Complaint should be dismissed because Adeshile fails to state any claim for relief under Rule 12(b)(6). See JTA's Motion at 7; Young's Motion at 7; Morales' Motion at 6; Jennings's Motion at 10. For the reasons discussed below, the Motions are due to be granted in-part and denied in-part as the Fourth Amended Complaint is an improper shotgun pleading, at least as to Counts I, II, and III.

At the outset, the Court notes that pro se complaints are held to a less stringent standard than those drafted by an attorney. See Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986). Nevertheless, a pro se litigant is still required to "'conform to procedural rules.'" Riley v. Fairbanks Capital Corp.,

222 F. App'x 897, 898 (11th Cir. 2007) (quoting <u>Loren v. Sasser</u>, 309 F.3d 1296, 1304 (11th Cir. 2002)).[5] The Rules require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2). "'A complaint need not specify in detail the precise theory giving rise to recovery. All that is required is that the defendant be on notice as to the claim being asserted against him and the grounds on which it rests.'" <u>Evans v. McClain of Ga., Inc.</u>, 131 F.3d 957, 964 n.2 (11th Cir. 1997) (citation omitted). Despite Rule 8(a)'s liberal pleading requirement, "a complaint must still contain either direct or inferential allegations respecting all material elements of a cause of action." <u>Snow v. DirecTV, Inc.</u>, 450 F.3d 1314, 1320 (11th Cir. 2006) (emphasis omitted).

Additionally, a complaint may not run afoul of the Eleventh Circuit's prohibition against shotgun pleadings, <u>see generally</u> <u>Weiland v. Palm Beach County Sheriff's Office</u>, 792 F.3d 1313, 1321–23 (11th Cir. 2015), which are commonly described as:

(1) complaints containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint;

(2) complaints that do not commit the mortal sin of re-alleging all

---

[5] The Court does not rely on unpublished opinions as binding precedent, but they may be cited in this Order when the Court finds them persuasive on a particular point. <u>See</u> <u>McNamara v. GEICO</u>, 30 F.4th 1055, 1060–61 (11th Cir. 2022); <u>see generally</u> Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

preceding counts but are guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;

(3) complaints that commit the sin of not separating into a different count each cause of action or claim for relief; and

(4) complaints that assert multiple claims against multiple defendants without specifying which of the defendants are responsible for which actions or omissions, or which of the defendants the claim is brought against.

Williams v. Chronister, No. 8:23-cv-1759-TPB-AAS, 2023 WL 5432459, at *1 (M.D. Fla. Aug. 23, 2023) (citing Weiland, 792 F.3d at 1321–23).[6] Notably, "[m]ore important than fitting neatly into these four roughly defined categories is the reason these types of pleadings are so problematic: they all fail 'to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.'" Id. (quoting Weiland, 792 F.3d at 1323) (footnote omitted). Thus, "[a] shotgun pleading is one where 'it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief' and the defendant therefore cannot be 'expected to frame a responsive pleading.'" Id. (quoting Anderson v. Dist. Bd. of Trustees of Cent. Fla. Cmty. Coll., 77 F.3d 364, 366 (11th Cir. 1996)). For these reasons, the Eleventh Circuit has unequivocally instructed that shotgun pleadings of this sort are "altogether

---

[6] The Court notes that although decisions of other district courts are not binding, they may be cited as persuasive authority. See Stone v. First Union Corp., 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects").

unacceptable." <u>Cramer v. State of Fla.</u>, 117 F.3d 1258, 1263 (11th Cir. 1997); <u>see also</u> <u>Cook v. Randolph County</u>, 573 F.3d 1143, 1151 (11th Cir. 2009) ("We have had much to say about shotgun pleadings, none of which is favorable.") (collecting cases). Indeed, the Eleventh Circuit has engaged in a "thirty-year salvo of criticism aimed at shotgun pleadings, and there is no ceasefire in sight." <u>Weiland</u>, 792 F.3d at 1321 n.9 (collecting cases). This is so because "[s]hotgun pleadings, whether filed by plaintiff or defendant, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." <u>Cramer</u>, 117 F.3d at 1263. Accordingly, when faced with the burden of deciphering a shotgun pleading, it is the trial court's obligation to strike the pleading on its own initiative, and force the plaintiff to replead to the extent possible under Rule 11, Federal Rules of Civil Procedure. <u>See</u> <u>id</u>. (admonishing district court for not striking shotgun complaint on its own initiative); <u>see also</u> <u>Weiland</u>, 792 F.3d at 1321 n.10 ("[W]e have also advised that when a defendant fails to [move for a more definite statement], the district court ought to take the initiative to dismiss or strike the shotgun pleading and give the plaintiff an opportunity to replead.").

For the reasons explained below, at least as to Counts I, II, and III, the Fourth Amended Complaint falls into the second, third, and fourth categories of impermissible shotgun pleadings, and, ultimately, fails to give Defendants

adequate notice as to the claims being brought against them.

In Count I Adeshile brings a claim under Title VII. The entirety of her allegations in Count I consists of her contention that:

> [S]he has not been provided equal opportunity, as many workers has been provided at Jacksonville Transportation Authority (JTA), and Jacksonville Transportation Management Corp. (JTM). The agency has fired multiple Union worker and called them back after the employee initiating a EEOC complaint, back to work a specific Asian woman then later allowing this woman to collect a full pension.

Fourth Amended Complaint ¶ 13 (sic). Adeshile does not incorporate any factual allegations into her claim in this count. Construing Adeshile's allegations liberally, it appears as though Adeshile is asserting that Defendants discriminated <u>and</u> retaliated against her in violation of Title VII. However, these are two different causes of action that must be pled separately. <u>See</u> <u>Rosado v. Modly</u>, No. 3:19-cv-1428-J-34PDB, 2019 WL 6877184, at *1 (M.D. Fla. Dec. 17, 2019) (striking the complaint as a shotgun pleading when the plaintiff combined claims for "disparate treatment based on race . . . and retaliation" into one count); <u>see also</u> <u>Weiland</u>, 792 F.3d at 1321–23 (describing a shotgun complaint as a pleading that commits "the sin of not separating into a different count each cause of action or claim for relief"). Moreover, even if Adeshile did not impermissibly combine these two claims in Count I, this count contains nothing more than a vague conclusory statement that fails to give Defendants notice as to the basis on which her claims rest. <u>See</u> <u>Weiland</u>, 792 F.3d at 1323.

Indeed, she points to no factual allegations that might put Defendants on notice as to the basis of either claim. And, although Adeshile asserts that Defendants have not provided her with "equal opportunity," she fails to allege how she was denied any opportunities or what the opportunity was. Fourth Amended Complaint ¶ 13. Nor does she allege how the denial of these opportunities is related to her race. Additionally, although Adeshile states that "multiple Union worker[s]" filed "EEOC complaint[s]" and were fired, she does not allege that this occurred to her. Id. In fact, Adeshile was terminated from her employment on July 12, 2021, and filed her EEOC charge months later in September 2021. Id. at 5, 10. Thus, Defendants and the Court can only speculate as to the relevance of this allegation to any claim she seeks to assert. For these reasons, in Count I Adeshile impermissibly combines multiple causes of action and relies on vague and conclusory allegations that fail to give Defendants adequate notice as to the basis on which these claims are being brought. See Weiland, 792 F.3d at 1321–23.

Next, in Count II Adeshile brings a claim titled "Tort Invasion of Privacy Florida Statutes Section 934.10," in which she alleges that:

> Plaintiffs' privacy has been violated by Jacksonville Transportation Authority (JTA), and Jacksonville Transportation Management Corp. (JTM). By reaching out to Adeshile, community residence and coercing the Defendants, Michelle Lewis, Brittany Young, and Katty Morales, in which they all agreed to have engaged into this unlawful behavior using and planning monitoring devises into the Plaintiff's home without consent. Lewis, Young, and Morales

violated the common law invasion privacy also against the Plaintiff. Fourth Amended Complaint ¶ 14 (sic). Although Adeshile titles this count as "Tort Invasion of Privacy Florida Statutes Section 934.10" she also includes within it a claim for "common law invasion [of] privacy." Id. These appear to be two separate causes of action, and must therefore be pled separately.[7] See Weiland, 792 F.3d at 1322–23. Moreover, it is unclear which Defendants Adeshile is trying to bring each of these claims against. For example, Adeshile states that "Lewis, Young, and Morales violated the common law invasion [of] privacy[.]" Fourth Amended Complaint ¶ 14. But fails to explain whether she is also trying to assert this claim against JTA and JTM. And, because Adeshile fails to incorporate any factual allegations into this count, neither Defendants nor the Court can discern which claim she intends to assert as to which Defendant, or what facts might support such a claim. For these reasons, in Count II Adeshile impermissibly combines multiple causes of action, fails to specify which claims are being brought against which Defendants, and fails to give notice of the basis of any claim she seeks to assert. See Weiland, 792 F.3d at 1321–23.

---

[7] To this point, "Florida common law recognizes four branches of the tort of invasion of privacy: appropriation, intrusion, public disclosure of private facts, and false light in the public eye." Almeida v. Amazon.com, Inc., 456 F.3d 1316, 1320 n.1 (11th Cir. 2006). Whereas Florida Statute section 934.10 specifically "provides a civil remedy for persons whose wire, oral, or electronic communications are intercepted, disclosed, or used in violation of sections 934.03–.09, Florida Statutes." Williams v. Carney, 157 F. App'x 103, 106 (11th Cir. 2005).

Finally, in Count III Adeshile brings a claim under the ADEA, alleging that:

> Since the appeared to be stated rear ended accident while the Plaintiff was on duty driving Defendant Rothwell making the accretion to voluntarily resign to attend accident training, and both Defendant Anthony Bradford and Mario J Potts submitted false accusations as if thought the Plaintiff is senile and provided those documents to a third party. Placing the Plaintiff under extreme duress.

Fourth Amended Complaint ¶ 15 (sic). With no factual allegations in support of this statement, neither the Court nor Defendants can determine whether Adeshile is attempting to hold all Defendants liable as to this claim, or only those identified. While Adeshile mentions Defendants Rothwell, Bradford, and Potts, these individuals cannot be held liable under the ADEA in their individual capacity. See Smith v. Lomax, 45 F.3d 402, 403 n.4 (11th Cir. 1995) (individuals "cannot be held liable under the ADEA or Title VII").[8] Reading Adeshile's allegations liberally, it may be that she is attempting to hold JTA and JTM vicariously liable for the actions of its employees. However, her Fourth Amended Complaint is devoid of any allegations which would put JTA and JTM

---

[8] Indeed, the Court previously advised Adeshile that to "the extent [she] seeks to hold her co-workers or others individually liable for discrimination pursuant to Title VII . . . she is cautioned that this theory of relief appears to be foreclosed by well-established Eleventh Circuit precedent." Second Order at 6 n.3. Although the Court did not issue this warning in the context of her ADEA claim, it is well-established that the "definition of 'employer' in the Disabilities Act is like the definitions in Title VII of the 1994 Civil Rights Act, 42 U.S.C. § 2000e(b), and in the Age Discrimination in Employment Act, 29 U.S.C. § 630(b)." Mason v. Stallings, 82 F.3d 1007, 1009 (11th Cir. 1996).

on "notice as to the claim being asserted against [them] and the grounds on which it rests.'" Evans, 131 F.3d at 964 n.2 (citation omitted). Indeed, the Court cannot ascertain a factual basis for Adeshile to bring an ADEA claim against any Defendant. For these reasons, in Count III Adeshile pleads only vague and conclusory statements which are not obviously connected to any set of facts, or any claim, and fails to put Defendants on notice of the claims she seeks to assert. See Weiland, 792 F.3d at 1321–22.

In sum, in Counts I–III of the Fourth Amended Complaint Adeshile presents vague and conclusory statements that are not obviously connected to any particular claim or any specific factual allegations; improperly combines multiple claims for relief within a single count; and appears to assert multiple claims against multiple Defendants without specifying which Defendants are liable for which alleged acts or omissions. See Weiland, 792 F.3d at 1321–23. Thus, this portion of the Fourth Amended Complaint is an impermissible shotgun pleading. Id.

Having found that in pleading Counts I–III of her Fourth Amended Complaint Adeshile has once again presented the Court with an improper shotgun pleading, the Court must next consider whether dismissal with prejudice of these claims is warranted. Significantly, this Court has the "inherent authority to dismiss a complaint on shotgun-pleading grounds." Sarhan v. Miami Dade Coll., 800 F. App'x 769, 772 (11th Cir. 2020). Before

doing so, however, "the district court must first explain how the pleading violates the shotgun-pleading rule and give the plaintiff at least one opportunity to re-plead the complaint." See Arrington v. Green, 757 F. App'x 796, 797 (11th Cir. 2018). Where the pleader fails to remedy the problem after being given a chance to do so, dismissal of a shotgun pleading with prejudice is warranted. See Tran v. City of Holmes Beach, 817 F. App'x 911, 915 (11th Cir. 2020), cert. denied sub nom. Tran v. City of Holmes Beach, Fla., 209 L.Ed. 2d 732 (May 3, 2021).

Here, dismissal with prejudice is warranted, but only as to the federal claims in Counts I and III. Notably, the Court gave Adeshile at least two opportunities to file an amended complaint that complied with the Rules.[9] In the Orders striking her previous complaints, the Court explained the Eleventh Circuit's shotgun pleading precedent, notified Adeshile of the deficiencies in her pleadings, and instructed her on how to rectify them. Specifically, the Court noted that "Adeshile did not explain how her causes of action related to her factual allegations" and that the amended complaints failed to "sufficiently identify the claims that she is bringing" and failed to "utilize separate counts to clarify which causes of action she alleges against which Defendants." First Order at 4–5; Second Order at 2, 5 (footnote omitted). Because of these

---

[9] Indeed, excluding the supplement that was inadvertently filed as an amended complaint, Adeshile has filed six different complaints throughout these entire proceedings.

deficiencies, the Court noted that "Defendants [could not] be expected to frame a responsive pleading." First Order at 5. When Adeshile failed to rectify most of these problems, in the Second Order, the Court warned that she would be given "**one final opportunity** to properly draft her pleadings." Second Order at 7 (footnote omitted). Additionally, in both the First Order and the Second Order, the Court advised Adeshile of, and recommended that she take advantage of, the resources for persons proceeding pro se on the Court's website. See First Order at 6; Second Order at 7 n.6. Despite being given numerous opportunities to fix the deficiencies in her amended complaints, and being warned that the failure to do so may result in dismissal, the claims Adeshile presents in the Fourth Amended Complaint are still plagued with the same problems that the Court previously instructed Adeshile to fix. Thus, to the extent Defendants move to dismiss the claims in Counts I and III of the Fourth Amended Complaint as being presented in an impermissible shotgun pleading, the Motions are due to be granted, and the Fourth Amended Complaint will be dismissed with prejudice as to those claims. See England v. Hillsborough Cmty. Coll., 546 F. App'x 881, 885 (11th Cir. 2013) (affirming dismissal with prejudice where the "court gave [the plaintiff] two opportunities to file amended complaints, and, each time, gave her explicit instructions as to what those amended complaints should contain"); Philippeaux v. Miami Apartments Invs., LLC, No. 22-11692, 2023 WL 2989831, at *2 (11th Cir. Apr. 18, 2023) ("[T]he

district court did not abuse its discretion in dismissing [the plaintiff's] second amended complaint with prejudice as a shotgun pleading" when the "amended complaint did not meet the requirements of Federal Rule of Civil Procedure 8(a)"); Gendron v. Connelly, No. 22-13865, 2023 WL 3376577, at *2 (11th Cir. May 11, 2023) ("[T]he district court did not abuse its discretion in dismissing [the plaintiff's] complaint with prejudice" when the plaintiff "was given an opportunity to amend her complaint according to the court's specific instructions and with a warning that a failure to do so could result in dismissal.").

However, as to Counts II, IV, and V, the Court declines to dismiss these claims with prejudice on shotgun grounds. Instead, having dismissed the claims in Counts I and III which provided the Court with federal subject matter jurisdiction, the Court will dismiss the remaining state law claims without prejudice to Adeshile re-filing them in state court. See Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1296–97 (11th Cir. 2018) (finding that where a pleading is dismissed on non-merits Rule 8 grounds, the state law claims should be dismissed without prejudice to re-filing in state court).

Accordingly, it is

**ORDERED:**

1. Defendant Brittany Young's Motion to Dismiss Plaintiff's Fourth Amended Complaint (Doc. 77) is **GRANTED in-part and DENIED in-part**.

2. JTA Defendants' Motion to Dismiss Plaintiff's Fourth Amended Complaint (Doc. 78) is **GRANTED in-part and DENIED in-part**.

3. Defendant Katty Morales' Motion to Dismiss Plaintiff's Fourth Amended Complaint (Doc. 97) is **GRANTED in-part and DENIED in-part**.

4. Defendant Shawneice Jennings's Motion to Dismiss Plaintiff's Fourth Amended Complaint (Doc. 105) is **GRANTED in-part and DENIED in-part**.

5. The Motions are **granted** with respect to Counts I and III of the Fourth Amended Complaint (Doc. 74), and these Counts are **DISMISSED with prejudice**.

6. The Motions are **denied** as to Counts II, IV, and V of the Fourth Amended Complaint (Doc. 74). In the exercise of its discretion under 28 U.S.C. § 1367(c), the Court declines to continue to exercise jurisdiction over these claims, and Counts II, IV, and V are **dismissed**

**without prejudice** to Adeshile refiling those claims in state court if she so chooses.

7. The Clerk of the Court is **directed** to close the file and terminate all pending motions as moot.

**DONE AND ORDERED** in Jacksonville, Florida this 1st day of May, 2024.

**MARCIA MORALES HOWARD**
United States District Judge

Lc32

Copies to:
Counsel of Record
Pro Se Party